UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AHRON BRAUN, )<br>)<br>    *Plaintiff*, )<br>v. )<br>)<br>NCO FINANCIAL SYSTEMS, INC., )<br>)<br>    *Defendants*. )<br>_____) | **Civil Action No.: 7:12-cv-08927-KMK** |

**DEFENDANT NCO FINANCIAL SYSTEMS, INC.'S
<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant NCO Financial Systems, Inc. ("NCO"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Ahron Braun ("Plaintiff"), and states:

### <u>JURISDICTION</u>

1. NCO admits the allegations in ¶ 1 for jurisdiction purposes only.

2. The allegations in ¶ 2 do not set forth an averment to which an Answer is required. To the extent an Answer is required, NCO denies the allegations in ¶ 2 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

### <u>PARTIES</u>

3. NCO denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial and further states that the allegations call for a legal conclusion.

1

4. NCO admits that it maintains an office at the address referenced in ¶ 4 and denies the balance of the allegations as calling for a legal conclusion

## VENUE

5. NCO denies the allegations in ¶ 5 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

6. NCO admits the allegations in ¶ 6 for venue purposes only.

## FACTUAL ALLEGATIONS

7. NCO denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

8. NCO denies the allegations in ¶ 8 as calling for a legal conclusion.

9. The document referenced in ¶ 9 and attached as Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 9 state otherwise, they are denied.

10. NCO denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

11. NCO denies that, to the extent it acquired plaintiff's credit report, it was obligated to receive permission from plaintiff and it had a permissible purpose for doing so.

12. NCO denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

13. NCO denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

14. The letter referenced in ¶ 14 and attached as Exhibit "C" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, they are denied.

15. NCO denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein, as the letter referenced by plaintiff contains no information enabling NCO to identify an account related to plaintiff.

16. The letter referenced in ¶ 16 and attached as Exhibit "D" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 16 state otherwise, they are denied.

17. NCO denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein, as the letter referenced by plaintiff contains no information enabling NCO to identify an account related to plaintiff.

18. NCO denies the allegations in ¶ 18 as calling for a legal conclusion.

## COUNT I

19. NCO repeats and reiterates its answer to the allegations in ¶¶ 1 through 18 as if same were set forth herein at length.

20. NCO denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

21. NCO denies the allegations in ¶ 21 as calling for a legal conclusion.

22. NCO denies the allegations in ¶ 22 as calling for a legal conclusion.

23. NCO denies the allegations in ¶ 23 as calling for a legal conclusion.

24. NCO denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

25. NCO denies that it obtained plaintiff's consumer credit report without a permissible purpose and further denies the allegations as calling for a legal conclusion.

26. NCO denies the allegations in ¶ 26 as calling for a legal conclusion.

27. NCO denies the allegations in ¶ 27 as calling for a legal conclusion.

28. NCO admits that upon information and belief it made an inquiry relative to plaintiff's credit report and denies it would have done so without a permissible purpose.

29. NCO denies the allegations in ¶ 29.

30. NCO denies the allegations in ¶ 30.

## COUNT II

31. NCO repeats and reiterates its answer to the allegations in ¶¶ 1 through 30 as if same were set forth herein at length.

32. NCO denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

33. NCO denies the allegations in ¶ 33 as calling for a legal conclusion.

34. NCO denies the allegations in ¶ 34 as calling for a legal conclusion.

35. NCO denies the allegations in ¶ 35 as calling for a legal conclusion.

36. NCO denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

37. NCO denies that it obtained plaintiff's consumer credit report without a permissible purpose and further denies the allegations as calling for a legal conclusion.

38. NCO denies the allegations in ¶ 38 as calling for a legal conclusion.

39. NCO denies the allegations in ¶ 39 as calling for a legal conclusion.

40. NCO admits that upon information and belief it made an inquiry relative to plaintiff's credit report and denies it would have done so without a permissible purpose.

41. NCO denies the allegations in ¶ 41.

42. NCO denies the allegations in ¶ 42.

## COUNT III

43. NCO repeats and reiterates its answer to the allegations in ¶¶ 1 through 42 as if same were set forth herein at length.

44. NCO denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

45. NCO denies the allegations in ¶ 45 as calling for a legal conclusion.

46. NCO denies the allegations in ¶ 46 as calling for a legal conclusion.

47. NCO denies the allegations in ¶ 47 as calling for a legal conclusion.

48. NCO denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

49. NCO denies that it obtained plaintiff's consumer credit report without a permissible purpose and further denies the allegations as calling for a legal conclusion.

50. NCO denies the allegations in ¶ 50 as calling for a legal conclusion.

51. NCO denies the allegations in ¶ 51 as calling for a legal conclusion.

52. NCO admits that upon information and belief it made an inquiry relative to plaintiff's credit report and denies it would have done so without a permissible purpose.

53. NCO denies the allegations in ¶ 53.

54. NCO denies the allegations in ¶ 54.

## PRAYER FOR RELIEF

55. NCO denies that Plaintiff is entitled to the relief requested in the final paragraph of his Complaint, which begins "WHEREFORE."

AND NOW, in further Answer to Plaintiff's Complaint, Defendant NCO Financial Systems, Inc. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against NCO upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## FIFTH AFFIRMATIVE DEFENSE

To the extent NCO committed any violation, which it denies, such violation was not willful and was only negligent.

## SIXTH AFFIRMATIVE DEFENSE

To the extent NCO obtained plaintiff's credit report, NCO had a permissible purpose for doing so.

WHEREFORE, Defendant NCO Financial Systems, Inc., respectfully requests this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed with prejudice at Plaintiff's costs pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for NCO, and for all other general and equitable relief.

Dated: April 1, 2013                               Respectfully submitted

/s/ Aaron R. Easley
Aaron R. Easley, Esq. (ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 1st day of April 2013, a copy of NCO Financial Systems, Inc.'s Answer to Plaintiff's Complaint was filed electronically in the ECF system. Notice of this filing will be sent to plaintiff via certified mail, return receipt requested, and regular mail.

    Mr. Ahron Braun
    4 Mountain Road
    Unit 205
    Monroe, NY 10950
    Plaintiff Pro Sè

                                                By:   /s/ Aaron R. Easley
                                                          Aaron R. Easley, Esq.
                                                          Attorney for Defendant
                                                          NCO Financial Systems, Inc.